1  Edmundo P. Robaina (#018125)
   Thomas T. Griffin (#022475)
2  ROBAINA & PALOMINO, P.C.
   One East Camelback, Suite 300
3  Phoenix, Arizona 85012
   (602) 277-9791
4  epr@robainalaw.com
   ttg@robainalaw.com
5

6  Attorneys for Plaintiff Martin Ogden

7              **UNITED STATES DISTRICT COURT**

8                **DISTRICT OF ARIZONA**

9  Martin Ogden,                      )   **NO. CV-08-2180-PHX-DGC**
                                      )
10             Plaintiff,             )   **AMENDED COMPLAINT**
   v.                                 )
11                                    )   (DEMAND FOR JURY TRIAL)
   CDI Corporation,                   )
12                                    )
               Defendant.             )
13  _____       )

14      Plaintiff Martin Ogden ("Ogden") alleges the following against Defendant CDI

15  Corporation ("CDI"):

16                    **Nature of the Case**

17      1.    Ogden brings this action against Defendant involving a federal claim

18  pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et. seq*., and a state law

19  claim for a violation of the duty of good faith and fair dealing contained in the employment

20  contract between Ogden and CDI.

21      2.    For at least three years before the filing of this action, CDI allowed and

22  encouraged Ogden to work well in excess of forty (40) hours per week without paying

23  proper compensation to him as required by the FLSA.

24      3.    Additionally, for approximately nine to ten months before the end of Ogden's

25  employment with CDI, CDI withheld job orders from Ogden, thus breaching the duty of

26  good faith and fair dealing implied in its employment contract with Ogden.

                              1

1        4.      Ogden seeks to recover statutory remedies including, but not limited to,

2    unpaid overtime, lost wages, liquidated damages, prejudgment interest, costs and attorneys'

3    fees.

4                                **Jurisdiction and Venue**

5        5.      This Court has jurisdiction over the subject matter and the parties pursuant to

6    28 U.S.C. §1331, and 28 U.S.C. 1367.

7        6.      Venue is proper pursuant to 28 U.S.C. §1391(b) and ( c) and because CDI

8    has caused events to occur in Arizona, out of which Ogden's claims arise.

9                                      **Parties**

10       7.      Ogden is and was at all relevant times a resident of Arizona.

11       8.      CDI is a Pennsylvania corporation licensed to do business in Arizona.

12                           **Facts Relevant to All Claims**

13       9.      CDI is a professional services corporation that provides information

14   technology staffing, consulting and project outsourcing to Fortune 1,000 clients.

15       10.     The working arrangement at CDI is typical of most companies within the

16   staffing industry; CDI is comprised of two groups, a sales group, which interfaces with the

17   clients (companies seeking to hire employees), and a recruiting group, which interfaces

18   with the candidates (individuals seeking employment).

19       11.     The company's goal is to place candidates with clients, which is typically

20   done as follows: the sales group receives a job order from the client and in turn provides

21   the job offer to the recruiting group.  The recruiting group reviews its client database for

22   candidates who have the qualifications requested in the job order, and then presents

23   candidates to the sales group.  The sales group has complete discretion in deciding which

24   candidates are submitted to the client.

25       12.     Ogden worked at CDI from on or about October 9, 2000 until approximately

26   October 15, 2008.

13.    Throughout his employment with CDI, Ogden worked exclusively in the recruiting group.

14.    From approximately October 9, 2000 until approximately 2004, Ogden worked as a "Technical Recruiter."

15.    In or around 2004, Ogden's title was changed to "Senior Technical Recruiter." Ogden remained a Senior Technical Recruiter until his employment ended on approximately October 15, 2008.

16.    From approximately October 9, 2000 until approximately January 1, 2008, Ogden worked mainly on contract/consulting based job orders, which placed CDI employees in consulting or contract-based positions. These were typically for a defined period of time and were all with companies other than CDI.

17.    On or about January 1, 2008, Odgen moved into a role in CDI's newly created Direct Hire Program. In this role, Ogden focused almost exclusively on Direct Hire/Permanent based job orders, which placed non-CDI employees in permanent positions with companies other than CDI. Ogden remained in this role until his employment ended on approximately October 15, 2008.

18.    Throughout his employment with CDI, Ogden performed his duties in at least a satisfactory manner.

**Facts Relevant to Ogden's FLSA Claims**

19.    At all relevant times, CDI was an employer as defined in the FLSA.

20.    At all relevant times, Ogden was a covered employee under the FLSA.

21.    While Ogden worked at CDI his main responsibilities were to recruit candidates and then later attempt to secure candidates who had the qualifications requested in the job orders that were presented to Ogden. If he was able to secure qualified candidates he would then present those candidates to sales managers.

22.     Ogden did not negotiate wages to be paid by the clients or supervise the candidates after they were placed, and he very rarely presented candidates directly to clients.

23.     Further, Ogden had no discretion in the operations of the business, and he had no authority to formulate, affect, implement or administer the policies or procedures of CDI's business.

24.     From approximately November of 2005 through approximately October 15 of 2008, Ogden typically worked in excess of forty (40) hours per week.

25.     From November of 2005 through approximately October 15 of 2008, Ogden was compensated with a salary and/or a recoverable draw and commissions.

26.     From November of 2005 through approximately October 15 of 2008, CDI never paid Ogden overtime.

27.     At all relevant times, CDI knew that its conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

**Facts Relevant to Ogden's Breach of Good Faith and Fair Dealing Claim**

28.     On or about January 1, 2008, Ogden moved into a role in CDI's newly created Direct Hire Program.  Prior to moving into this role, CDI assured Ogden that he would receive sufficient job orders each month that would allow him to meet or exceed his prior levels of compensation earned.

29.     Based on this assurance, Ogden reasonably expected that he would receive

4

sufficient job orders each month to at least match the compensation he earned while working on contract/consulting based job orders.

30.     CDI's assurances were a vital factor in Ogden's decision to take a position in the Direct Hire Program because his compensation was based in large part on the number of job orders he fulfilled, which was directly related to the number of job orders he was given to fill.

31.     However, from approximately January of 2008 until approximately October 15 of 2008, Ogden was given an insufficient amount of job orders per month.

32.     CDI's failure to provide Ogden sufficient job orders did not result from a lack of available and appropriate job orders.

33.     CDI had a sufficient number of job orders to give to Ogden, but declined to provide them to him.

34.     As a result of their actions and/or ommissions, CDI prevented Ogden from receiving the compensation he reasonably expected to receive when he moved to the Direct Hire Program.

35.     Consequently, Ogden has suffered lost wages.

## COUNT ONE

### (Fair Labor Standards Act pursuant to 29 U.S.C. 203 *et. seq.*)

36.     Ogden incorporates by reference each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37.     At all relevant times, Ogden was a covered, non-exempt, employee under the

FLSA.

38.     At all relevant times, CDI was a covered employer under the FLSA.

39.     From November of 2005 through the end of his employment with CDI, Ogden worked in excess of forty (40) hours per week.

40.     During this time, CDI willfully refused to compensate Ogden for his overtime work.

41.     CDI's actions were done with malice or with reckless indifference to Ogden's federally protected rights.

42.     Ogden is entitled to recover his attorneys' fees and related expenses incurred pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### (Breach of Duty of Good Faith and Fair Dealing)

43.     Ogden incorporates by reference each and every allegation contained in paragraphs 1 through 42 as though fully set forth herein.

44.     Ogden and CDI entered into an employment contract.  Implied in that contract was a duty to act fairly and in good faith.

45.     The duty of good faith and fair dealing required that neither party do anything to prevent the other party from receiving a benefit of the agreement.

46.     CDI breached its duty by failing to provide Ogden an adequate amount of job offers when it was capable of doing so.

47.     As a result of CDI's breach, Ogden has suffered lost wages.

48.     Ogden is entitled to recover his attorneys' fees and related expenses incurred pursuant to A.R.S. §§ 12-341 and 12-341.01

WHEREFORE, Plaintiff Martin Ogden respectfully prays for judgment against Defendant and asks the Court to:

A.     Issue an order awarding Ogden back pay, pre-judgment interest, and any other appropriate relief necessary to make Ogden whole and compensate him for the legal violations described above;

B.     Award Ogden liquidated damages;

C.     Award Ogden attorneys' fees and costs of this action; and

D.     Award Ogden such other legal and equitable relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of December, 2008.


ROBAINA & PALOMINO, P.C.


By s/:Thomas Griffin
     Edmundo P. Robaina
     Thomas T. Griffin
     One East Camelback, Suite 300
     Phoenix, Arizona 85016
     Attorneys for Plaintiff Martin Ogden

///
///
///
///
///

7

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3 Rules of Civil Procedure.

4
                                        ROBAINA & PALOMINO, P.C.
5

6
                                        By  s/:Thomas Griffin
7                                            Edmundo P. Robaina
                                             Thomas T. Griffin
8                                            One East Camelback, Suite 300
                                             Phoenix, Arizona 85016
9                                            Attorneys for Plaintiff Martin Ogden

10

11 E-filed this 23rd day of
   December, 2008, with:

12 Clerk of the U.S. District Court
   401 West Washington
13 Phoenix, Arizona 85003

14 A copy of the foregoing mailed
   this 23rd day of December, 2008, to:
15
   HONORABLE DAVID G. CAMPBELL
16 United States District Court
   Sandra Day O'Connor U.S. Courthouse, Suite 623
17 401 West Washington Street, SPC 58
   Phoenix, Arizona 85003-2156
18

19 s/: Elizabeth Miramontes
   Elizabeth Miramontes
20

21

22

23

24

25

26