**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Ogden, | No. CV08-2180 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| CDI Corporation, | |
| Defendant. | |

Defendant CDI Corporation has filed a motion for partial summary judgment. Dkt. #32. Plaintiff Martin Ogden has responded. Dkt. #35. The motion is fully briefed. No party has requested oral argument. The Court will deny CDI's motion.

**I.    Background.**

CDI is a professional services corporation that provides staffing to its clients. Dkt. #5 at 2.[1] Ogden worked as a recruiter for CDI from October 9, 2000 until October 16, 2008. *Id.* From approximately November of 2005 through October of 2008, Ogden worked more than 40 hours per week but was not paid overtime. Dkt. #5 at 4.

On December 23, 2008, Ogden filed suit against CDI, asserting a claim under the Fair Labor Standards Act ("the Act"), 29 U.S.C. § 203, et seq. (Count One). Ogden claims that CDI violated the Act by refusing to compensate him for his overtime work. Dkt. #4 at 5-6. CDI has moved for summary judgment on this claim.

---

[1] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

## II. Legal standard.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Analysis.

The Act regulates wages and hours of work in private and public employment. Generally, it "requires employers to pay employees one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek." *Trinh v. JP Morgan Chase & Co.*, 2008 WL 1860161, *1 (S.D. Cal. 2008). The Act has an exemption for highly compensated employees. 29 C.F.R. § 541.601. When this exemption applies, the employee's wages and hours are not regulated under the Act. Generally, "[d]efendants bear the burden of establishing the applicability of the highly compensated employee exemption because exemptions are to be narrowly construed and limited to those establishments plainly and unmistakably within the terms and spirit" of the Act. *Henry v. Quicken Loans Inc.*, 2009 WL 596180, *10 (E.D. Mich. 2009) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997)); *see Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 468 (S.D.N.Y. 2008). CDI argues that Ogden falls under the highly compensated employee exemption. Dkt. #39 at 1. The Court concludes that issues of material fact preclude summary judgment on this argument. Fed. R. Civ. P. 56(c).

The highly compensated employees exemption applies to employees who have a total annual compensation of at least $100,000 and who "customarily and regularly" perform one

of the exempt duties of an administrative employee. 29 C.F.R. § 541.601. Those duties include "the performance of work directly related to the management or general business operations of the employer or the employer's customers," such as "tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network; internet and database administration; legal and regulatory compliance; and similar activities." 28 C.F.R. § 541.201(a), (b). Administrative duties are distinguishable from "working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a).[2]

Ogden earned more than $100,000 during each of the three years at issue in this case. Dkt. #33, ¶ 3; Dkt. #36, ¶ 3. The only question is whether Ogden regularly performed one of the duties of an administrative employee. Ogden claims that he did not perform administrative duties, describing his work as finding candidates "through Internet, User Groups, Professional Associations, Referrals and other internal and/or proprietary resources of CDI Corporation," assessing and qualifying "a candidate's technical skills and knowledge in comparison to the job order requirements handed to him by the Account Manager," facilitating "the process involved with placing candidates by working closely with the Account Manager," gathering background information from candidates and entering this information into a database, and assisting consultants in finding new opportunities when old assignments ended. Dkt. #35 at 4. None of these duties, as described by Ogden, clearly falls into the categories listed in 29 C.F.R. § 541.201(b). Nor are these duties the same, or as administrative in nature, as the duties of exempt employees described in the cases and

---

[2] CDI need not prove that Ogden exercised discretion or independent judgment in the performance of his duties. *Sarviss v. Gen. Dynamics Info. Tech., Inc.,* --- F. Supp. 2d ---, 2009 WL 3326116, *7 (C.D. Cal. 2009); *Amendola*, 558 F. Supp. 2d at 478 (the highly compensated employee exemption "removes any requirement that an employer prove that an administrative employee exercised discretion in the performance of [his] duties.").

opinion letters cited by CDI. *See* Dep't of Labor Opinion Ltr., Wage & Hour Div., 2005 WL 3008616 (Oct. 25, 2005) (finding employees exempt when their duties extended to the hiring or managing of employees); Dep't of Labor Opinion Ltr., Wage & Hour Div., 2000 WL 34444341 (Dec. 8, 2000) (finding employees exempt when they interview applicants and research and implement personnel processes and policies); Dep't of Labor Opinion Ltr., Wage & Hour Div., 1970 WL 26434 (Aug. 11, 1970) (finding employees exempt when they conduct interviews, evaluate applicants, and have "complete authority and sole responsibility for determining which prospective applicant will be referred to any specific employer"); *Andrade v. Aerotek, Inc.*, 2009 WL 2757099, *4 (D. Md. 2009) (finding employees exempt when their duties include "interviewing" and "recommending candidates to staff positions"); *Hudkins v. Maxim Healthcare Servs., Inc.*, 39 F. Supp. 2d 1349 (M.D. Fla. 1998) (finding employees exempt when their duties included recruiting nurses, placing nurses, approving pay rates for nurses, counseling and disciplining nurses, and firing nurses).

Moreover, CDI disputes the factual accuracy of Ogden's description of his job responsibilities. Dkt. #39 at 5. Questions of fact concerning the nature of Ogden's job must be resolved before a decision can be made on whether Ogden's duties are akin to those of the employees described in CDI's cases and opinion letters.

CDI bears the burden of establishing that the highly compensated employee exemption applies, and the exemption is to be construed narrowly. *Henry*, 2009 WL 596180 at *10. The Court cannot conclude that CDI has met this burden as a matter of undisputed fact.

**IT IS ORDERED** that Defendant's motion for partial summary judgment (Dkt. #32) is **denied**.

DATED this 1st day of December, 2009.

_____
David G. Campbell
United States District Judge

- 4 -