WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Ogden, | No. CV08-2180-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| CDI Corporation, | |
| Defendant. | |

Plaintiff Martin Ogden has filed a motion for relief from this Court's Judgment on Taxation. Doc. 156. For the following reasons, the Court will deny the motion.[1]

Under Federal Rule of Civil Procedure 54(d), attorney's fees and costs are treated differently. *See* Fed. R. Civ. P. 54(d). The Ninth Circuit has held that Rule 54 creates the presumption that courts will award a prevailing party its costs. *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).[2] Trial courts have broad discretion in awarding costs, and are not required to "specify reasons" for awarding costs. *Save our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

Defendant is incorrect in stating that a showing of impropriety is the only way to overcome such a presumption. *See Ass'n of Mexican-American Educators*, 231 F.3d at

---

[1] The request for oral argument is denied; the issue is fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Several other circuits also recognize this presumption. *See Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir.1995); *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir.1988).

593 (overruling *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471–72 (9th Cir. 1995). Contrary to the non-binding case law that Defendant cites, the Ninth Circuit has explicitly disapproved the proposition that impropriety is the only reason costs can be denied. 231 F.3d at 593. Factors that weigh on the Court's decision to deny costs also include the party's limited financial resources. *Ass'n of Mexican-American Educators*, 231 F.3d at 592 (citing *Nat'l Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir.1982)). Thus, in order to defeat the presumption in favor of awarding costs, plaintiffs are allowed to use evidence of limited financial resources.

Here, Plaintiff is asking this Court to alter its Judgment on Taxation of Costs (Doc. 146) to more closely match the Court's order denying without prejudice Defendant's motion for attorney's fees. Doc. 156. Specifically, Plaintiff asks the Court to change its judgment to include the phrase "[b]ecause this case is on appeal, Defendant's motion for [costs] is denied without prejudice." *Id.* This request proceeds from the mistaken premise that attorney's fees and costs are to be treated the same. As both controlling case law and Rule 54 make clear, they are not treated the same. *See, e.g.*, *Ass'n of Mexican-American Educators*, 231 F.3d at 592. Costs are presumptively awarded, whereas attorney's fees are not. *See* Fed. R. Civ. P. 54(d). Thus, Plaintiff's only option for overcoming an award of costs was to provide the Court sufficient reasons to overcome the presumption favoring the awarding of costs.

Defendant filed a Bill of Costs on March 21, 2011. Under Local Rule of Civil Procedure 54.1(b), Plaintiff had fourteen days to object. No objection was made, and the Court will not entertain an untimely objection. Moreover, Plaintiff vigorously litigated their case, causing Defendant to incur litigation costs. Although the Court has not required Plaintiff to pay Defendant's attorneys' fees, it will not relieve him from the obligation to pay costs Defendant incurred solely as a result of Plaintiff's lawsuit.

Because the Court will not reverse its Judgment on Taxation, the Court will similarly not grant Plaintiff's motion to stay the Superior Court's continuing lien order, which is based on the taxation judgment.

IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment (Doc. 146) is **denied**.

Dated this 4th day of October, 2011.

*David G. Campbell*
United States District Judge